

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

July 19, 1966

Honorable Charles A. Allen
Criminal District Attorney
Harrison County
Marshall, Texas

Opinion No. C-726

Re: Pay to Jurors and Con-
struction of Article 2122,
Vernon's Civil Statutes,
Article 1056 and Article
35.24, Vernon's Code of
Criminal Procedure of Texas.

Dear Mr. Allen:

In an opinion request of this office you pose the
following questions:

(1) Is the Commissioners Court of Harrison
County, Texas authorized to pay $8.00
per day to persons selected to serve as
jurors in an actual trial on the merits
within the limits as prescribed in Article
2122, Texas Revised Civil Statutes, Article
1056, Texas Code of Criminal Procedure and
Article 35.24, Texas Code of Criminal Pro-
cedure (new code)?

(2) Is the Commissioners Court of Harrison
County, Texas authorized to pay $5.00
per day to persons who are summoned and
appear and remain in attendance in the
Court, but who are not selected in any
trial on the merits, within the limits as
prescribed in Article 2122, Vernon's Civil
Statutes, Article 1056, Texas Code of
Criminal Procedure and Article 35.24
Vernon's Code of Criminal Procedure (1966)?

(3) Is the Commissioners Court of Harrison
County, Texas authorized to pay $4.00 to
persons who are summoned and appear and
who are excused immediately after being
tested on voir dire within the limits as
prescribed in Article 2122, Texas Revised
Civil Statutes, Article 1056, Texas Code
of Criminal Procedure and Article 35.24,
Texas Code of Criminal Procedure (1966)?

(4)  Is the Commissioners Court of Harrison
County, Texas authorized to pay any amount
to persons who are summoned, for jury
service and who are excused by the court
or by agreement of the attorneys prior to
the person being tested on voir dire with-
in the limits as prescribed in Article 2122,
Texas Revised Civil Statutes, Article 1056,
Texas Code of Criminal Procedure and Article
35.24, Texas Code of Criminal Procedure (1966)?

As to the first question, it is the opinion of this
office that the Commissioners Court of Harrison County,
Texas is authorized to pay $8.00 per day to persons selected
to serve as jurors in an actual trial on the merits by
virtue of the following statutes.

Article 2122, Section (a) of Vernon's Civil Statutes,
reads in part:

"Each juror in a district or county court at
law is entitled to receive not less than $4
nor more than $10 for each day or fraction
of a day that he attends court as a juror.
The commissioners court of each county shall
determine annually, within the minimum and
maximum prescribed in this subsection, the
amount of per diem for jurors, which shall
be paid out of the jury fund of the county
. . ."

Article 1056, Section (a) of Vernon's Code of Criminal
Procedure 1925, (which was not repealed by the new code)
provides:

"(a)  Each juror in a district or criminal
district court, county court, or county
court at law is entitled to receive not
less than $4 nor more than $10 for each
day or fraction of a day that he attends
court as a juror."

Article 35.24, Vernon's Code of Criminal Procedure,
1966, provides as follows:

"All veniremen and jurors shall be paid a
per diem of not less than four dollars nor
more than ten dollars per day, as fixed by
the commissioners court of such county, which

> shall be paid out of the jury fund. No
> greater sum shall be paid challenged venire-
> men, regardless of the number of cases to
> which they may be summoned in any one day."

When these three articles are construed together it is apparent that the commissioners court in each county shall annually determine the fee to be paid, providing a minimum fee of not less than $4.00 per day and a maximum fee not to exceed $10.00 per day. Therefore $8.00 is permitted, for it is within the scale authorized by the Legislature.

The second question deals with the amount to be paid jurors who are summoned and appear and remain in attendance in the Court, but who are not selected in any case of a trial on the merits. This office is assuming that none of these persons have been examined on voir dire. Assuming this, it is the opinion of this office, that unless these persons are examined on voir dire, the Commissioners Court of Harrison County, would not be authorized to pay these persons any fee, for Section (a) of Article 2122, Vernon's Civil Statutes of Texas provides in part:

> ". . .A person who responds to the process
> of a court, but who is excused from jury
> service by the court for any cause after
> being tested on voir dire, is entitled
> to receive not less than $4 nor more than
> $5 for each day or fraction of a day that
> he attends court in response to such
> process. (Emphasis Added)

And Article 1056, Section (d), Vernon's Code of Criminal Procedure, 1925 provides:

> "(d)  A person, other than a special venire-
> man or talesman, who responds to the process
> of a district or criminal district court,
> county court, or county court at law for
> petit jury duty, but who is excused from jury
> service by the court for any cause after
> being tested on voir dire, is entitled to
> receive not less than $4 nor more than $5
> for each day or fraction of a day that he
> attends court in response to such process."
> (Emphasis Added)

At first reading Article 1056 would seem to conflict with Article 35.24, Vernon's Code of Criminal Procedure (1966) which reads:

> "All veniremen and jurors shall be paid
> a per diem of not less than four dollars
> nor more than ten dollars per day, as
> fixed by the commissioners court of such
> county, which shall be paid challenged
> veniremen, regardless of the number of
> cases to which they may be summoned in
> any one day."

However, it is our opinion that Article 35.24 is a general statute setting out a scale of pay for veniremen and jurors and was not intended to replace Article 1056, which sets out and states the conditions when veniremen and jurors are to be paid and whether they are to be paid. Article 1056 specifically states that a person can only be paid after being tested on voir dire. Therefore, unless a person is examined on voir dire, regardless whether the case is criminal or civil, the Commissioners Court of Harrison County, is not authorized to pay that person any fee. However, in this connection we are of the opinion that a voir dire examination begins with the administration of the initial oath by the court to the persons summoned for jury duty.

As to the third question, it is the opinion of this office that the Commissioners Court of Harrison County is authorized to pay $4.00 to jurors who are summoned, appear, and are excused after being tested on voir dire. Four dollars ($4) is within the $4.00 to $5.00 per diem scale which the Legislature authorizes the commissioners court to pay in Article 2122, Section (a), Article 1056, Section (d).

The fourth question is answered in the negative.

### S U M M A R Y

(A)  When jurors are selected to serve in an actual trial on the merits the Commissioners Court is authorized to pay these persons $8.00 per day.

(B)  Jurors who are summoned and appear and remain in attendance in the Court, but who are not selected in any trial on the merits and are

not examined on voir dire, are not entitled
to any compensation as set out in Article
2122, Section (a), Vernon's Civil Statutes
and Article 1056, Section (d) of Vernon's
Code of Criminal Procedure, 1925.

(C)  Jurors who are summoned and appear and who
are tested on voir dire and are excused
are entitled to be paid $4.00 by the
Commissioners Court of Harrison County,
Texas.

(D)  A person who is summoned for jury service
and who is excused by the court or by agree-
ment of the attorneys, prior to the juror
being tested on voir dire, is not entitled
to any compensation.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Ronald E. Luna_

RONALD E. LUNA
Assistant Attorney General

REL/lh

APPROVED
OPINION COMMITTEE

W. V. Geppert, Chairman
Lonny Zwiener
Sam Kelley
Pat Bailey
John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright